IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE MAYO, *Individually and as* *Representative for the Estate of Kristy* *Mayo ("Decedent"),* | : | CIVIL ACTION |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ELI LILLY and COMPANY, | : | No. 26-1781 |
| CHEPLHAPHARM ARZNEIMITTEL | : | |
| GMBH, CENCORA, INC. *formerly* | : | |
| *known as* AMERISOURCE-BERGEN | : | |
| CORPORATION, | : | |
| Defendants. | : | |

MEMORANDUM

KENNEY, J.                                                                      April 30, 2026

Pending before the Court is Plaintiff's Motion to Remand the above captioned action to the Court of Common Pleas of Philadelphia County, Pennsylvania.

Plaintiff argues that the inclusion of Cencora, Inc ("Cencora"), a citizen of Pennsylvania, as a defendant in this action renders removal to the U.S. District Court for the District of Eastern District of Pennsylvania improper pursuant to 28 U.S.C. § 1441(b)(2). *Id.* at 12. The Court agrees. For the reasons stated below, Plaintiff's Motion to Remand will be **GRANTED**.

I.    DISCUSSION

This personal injury case stems from the death of Kristi Mayo after she allegedly took an antipsychotic drug known by its brand name of "Zyprexa" which is alleged to have caused her to develop breast cancer. Plaintiff brings claims for strict products liability and negligence against "Defendant Drug Makers" Eli Lilly & Co. ("Eli Lilly") and Cheplapharm, as well as "Distributor Defendant" Cencora.

At the time of removal, removing defendant Eli Lilly submitted that removal to this Court

was proper on the basis of diversity jurisdiction.  28 U.S.C. § 1332(a).  The amount in controversy exceeds the jurisdictional threshold amount and there is complete diversity of the Parties.  Plaintiff is a citizen of Alabama where she is domiciled.  Cencora is a citizen of Pennsylvania where it maintains its principal place of business.  Plaintiff now challenges removal to the U.S. District Court for the Eastern District of Pennsylvania on the basis that Cencora is a Pennsylvania citizen.

Deciding where to litigate is a tactical choice any party makes.  Plaintiffs have the first word by filing a complaint in their chosen forum so long as it is of competent jurisdiction.  But defendants may, too, have an opportunity to elect the forum of their own choosing.  One such example is removal.  After being served with a complaint in a state forum, a defendant may remove the case to the "district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In doing so, the defendant must articulate the basis for the district court's jurisdiction to hear and decide the case.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citation omitted).

However, whereas here, the defendant has removed a case on the basis of diversity jurisdiction, the defendant may not remove the case if any of the defendants are "citizen[s] of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is the so-called, "forum defendant rule."  *See Emcompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)).

Here, Cencora is a citizen of Pennsylvania and has been sued in Pennsylvania.  Therefore, Cencora is a "citizen of the State in which such action [was] brought."  28 U.S.C. § 1441(b)(2).  Eli Lilly thus faces the forum defendant rule barrier to removal of the action to this Court.  To overcome this barrier, Eli Lilly argues that Cencora was fraudulently joined and was only brought into this action to combat removal to federal court.  So, Eli Lilly's removal hinges on the issue of

whether Plaintiff's decision to include Cencora as a defendant in this action was fraudulent or not.

A defendant is fraudulently joined when there is either (1) "no reasonable basis in fact or colorable ground supporting" the claims against that defendant or (2) "no real intention in good faith to prosecute the action." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)). The removing defendant bears the burden of demonstrating fraudulent joinder. *See In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). Indeed, where the in-state defendant has been *fraudulently* joined to the action, the Court may overlook the citizenship of that defendant for the purposes of assuming diversity jurisdiction over the action. *See id.* at 215–16.

Eli Lilly submits that Cencora was fraudulently joined as a defendant in this action. Eli Lilly argues that Plaintiff lacks colorable claims against Cencora under Alabama state law, which shields drug distributors from liability. Specifically, Eli Lilly argues that there is a conflict of laws between Pennsylvania, Indiana, and Alabama. Eli Lilly submits that under Pennsylvania's choice-of-law analysis, Alabama state law must be applied and that Plaintiff lacks colorable claims against Cencora under Alabama state law. Plaintiff argues in opposition that the Court need not slog through a lengthy choice-of-law analysis when determining jurisdiction over the case. Defendant invites the Court to engage in a lengthy choice-of-law analysis. For the reasons described below, the Court need not do so to resolve this forum dispute.

While the Third Circuit has held that district courts may look beyond the pleadings to determine whether a party of interest has been fraudulently joined as a defendant, *see Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990) (assuming, without deciding, that "some piercing is appropriate to decide whether plaintiffs have asserted a 'colorable' ground" against the defendant), at the same time, the Third Circuit has also cautioned district courts not to "step from

the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112)); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 33 (3d Cir. 1985) (observing that sufficient case law existed to satisfy the court's inquiry as to whether California state law permitted plaintiffs to bring a specific cause of action against non-diverse Doe defendants and holding that an inquiry into the merits of plaintiffs cause of action "would be inappropriate in this preliminary jurisdictional determination"(footnote omitted)).  Where, such as here, a complicated choice-of-law analysis is necessary to determine whether there are, in fact, colorable claims against the defendant against whom the defendant has levied a fraudulent joinder theory, the complicated analysis itself supports the notion that the claims are "not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff*, 977 F.2d at 853.

Upon review, Plaintiff's Motion to Remand will be granted.  The Court is satisfied that Plaintiff has asserted colorable claims against Cencora for its role as a distributor of Zyprexa. Specifically, Plaintiff alleges that Decedent consumed Zyprexa for approximately 20 years before she was diagnosed with breast cancer in 2023.  She further alleges that the Decedent purchased Zyprexa from Walgreens pharmacies, and that Cencora has "long" distributed drugs to Walgreens, and that starting in 2013, Cencora became responsible for distributing "substantially all" of Walgreens's branded and generic pharmaceutical products.  Plaintiff alleges that on the basis of these publicly available facts concerning Cencora's business partnership with Walgreens, that at least "some portion" of the Zyprexa Decedent consumed was distributed by Cencora.  Plaintiff further alleges that Cencora had a duty to consumers not only to not distribute "dangerous, carcinogenic drugs" but also to warn consumers of the risks of taking the drugs that Cencora does distribute and that, had the Decedent been made aware of these "obvious" carcinogenic pathways,

4

she would not have taken the Zyprexa.

Whether certain causes of action raised in Plaintiff's complaint may be pursued against Cencora, or whether certain affirmative defenses are applicable, are all merits questions that should be addressed in due course by the presiding judge of the Court of Common Pleas of Philadelphia County, Pennsylvania.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 26) will be **GRANTED**. In light of the Court's decision to remand the case to the Court of Common Pleas of Philadelphia County, Pennsylvania, Cencora and Eli Lilly's respective Motions to Dismiss (ECF Nos. 27, 28) will be **DENIED as moot**.  Plaintiff's Motion to Extend the Deadline to File Oppositions to Defendants' Motions to Dismiss (ECF No. 29) will also be **DISMISSED as moot**.  An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**